The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Richard B. Ford along with the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the Opinion and Award except for correcting a clerical error regarding the date of injury.
Before the Full Commission on 21 August 1995, plaintiff renewed her motion for an additional medical examination and opinion regarding permanent partial disability. After careful consideration, plaintiff's motion is hereby DENIED.
* * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. On 27 April 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date (s) an employer-employee relationship existed between the parties.
3. As of said date (s) defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. That plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer on 27 April 1992.
5. On said date plaintiff was earning an average weekly wage of $102.78.
6. That the issues to be determined in this case are:
 a. Are the injuries of which plaintiff complains caused by the accident occurring on 27 April 1992; and,
 b. If so, to what compensation is plaintiff entitled under the Act.
7. The parties further stipulate into evidence approximately ten pages of medical records and records from Waffle King to be provided by the parties.
Subsequent to the hearing on 1 July 1993 before Deputy Commissioner Ford, the parties entered the following documentation into the record:
1. Deposition of Eric L. Rhoton, M.D. dated 2 November 1993.
2. Plaintiff's 1992 Form 1040A, her 1992 W-2 Wage and Tax Statement from defendant-employer and from Royal Waffle King Corporation, and eight pages of a 1992 calendar from January to August in plaintiff's handwriting concerning the tips which she allegedly received during that period of time.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 27 April 1992, plaintiff, who had been working for defendant since October of 1991 and who was approximately 49 years of age with a 10th grade education, was injured by accident in the course and scope of her employment with the said defendant when, while performing the duties of her employment as a waitress, she slipped on steps and fell on her posterior injuring her low back and causing muscle strain.
2. On said date of 27 April 1992, plaintiff was taken by defendant to a local emergency room where she received medical care and treatment for her back injury and thereafter was medically followed for her said back condition as well as other illnesses until about 29 March 1993.
3. Plaintiff was medically diagnosed as having sustained intractable low back and right lower extremity radicular pain from which she has intermittently suffered from 27 April 1992, the date of this hearing.
4. Subsequent to 27 April 1992, plaintiff was medically taken out of work until 30 April 1992, when she returned to work for defendant and continued to be employed until 8 August 1992, when she was terminated by defendant for reasons not related to her medical condition, after which she returned to work for another employer on 1 September 1992, at which job she worked until 1 December 1992, when she voluntarily terminated that employment.
5. During the course of her medical care and treatment, plaintiff was objectively tested on 22 July 1992 with a MRI and on 1 February 1993, with a myelogram and post-myelogram CT scan and x-ray studies which were negative and revealed no abnormalities accounting for her complaints of pain and numbness extending from her upper body down her right side.
6. Subsequently on 29 March 1993, it was medically determined that she had reached maximum medical improvement with respect to her low back problems with no medical rating for permanent partial disability.
7. Plaintiff has lost no time from work as a result of the injury occurring on 27 April 1992 to which she is entitled to temporary total disability compensation benefits.
8. From 1 January 1992 to 8 August 1992, the period plaintiff worked for defendant, she worked 191 days and earned $2,804.45 which generated an average weekly wage of $102.78.
9. From 1 September 1992 to 1 December 1992, the period during which plaintiff worked for the Waffle House she worked 92 days and earned $1,793.51 which generated an average weekly wage of $136.46.
10. Plaintiff was earning an average weekly wage of $102.78 on 27 April 1992.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 27 April 1992, plaintiff sustained an injury by accident to her low back arising out of and in the course of her employment with defendant-employer. G.S. § 97-2 (6).
2. In view of the fact that plaintiff's employment on both 8 August 1992 and 1 December 1992 were terminated for reasons other than her medical condition and that her periods of unemployment were due to reasons other than medical, the Full Commission concludes as a matter of law that plaintiff is entitled to no temporary total disability compensation benefits by reason of the incident occurring on 27 April 1992.
3. There being no evidence in the record with respect to any permanent disability which plaintiff may have sustained as a result of the incident occurring on 27 April 1992, the Full Commission concludes as a matter of law that, at this time, plaintiff is entitled to no permanent partial disability compensation benefits.
4. In view of the fact that plaintiff has sustained a compensable injury by accident under the provisions of the North Carolina Workers' Compensation Act, the Full Commission concludes as a matter of law that plaintiff is entitled to the payment of medical expenses by defendant which have been incurred for the treatment of her low back condition but not for medical expenses which she has incurred for the treatment of other illnesses which she has experienced.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay all medical expense resulting from the injury occurring on 27 April 1992, but not from other illnesses, up to the date of the Opinion and Award by Deputy Commissioner Ford, filed 12 January 1995, and no further when the same have been presented to defendant and approved pursuant to procedures established by the Commission.
2. An attorney fee of $600.00 is hereby approved for Gary A. Dodd for his services to plaintiff, the payment of which is to be arranged between said attorney and plaintiff.
3. Defendant shall pay the costs.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER